UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANTHONY MARK SILVA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-4118 (RC) |
| | ) | |
| J. BIENEMY, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## **MEMORANDUM OPINION**

This matter is before the Court on Anthony Mark Silva's petition for a writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1, "Pet.") and his motions to compel (ECF No. 5, "Mot. to Compel") and to expand the record (ECF No. 6). For the reasons discussed below, the Court DENIES the petition without prejudice and DENIES the motions without prejudice as moot.

Petitioner, currently designated to the Federal Correctional Institution in Petersburg, Virginia, *see* Pet. ¶ 7, is serving an 84-month term of incarceration upon his criminal conviction in the United States District Court for the District of New Hampshire, *see generally* Mot. to Compel, Ex. 2 (ECF No. 5-2 at 87-101, Criminal Docket, *United States v. Silva*, No. 1:22-cr-0034-SE-AJ-1 (D.N.H. filed Mar. 22, 2022)) (exhibit numbers designated by the Court; page numbers designated by CM/ECF). He deems his custody unlawful based on acts, omissions, and alleged misconduct occurring during the criminal proceedings. In his view, "[e]very instrument that purported to authorize his arrest, indictment, prosecution, and continued confinement was constructed on factual premises now proven false, unverified at the time they were presented, or jurisdictionally void under the Speedy Trial Act." Mot. to Compel, Ex. 1 (ECF No. 5-1) at 4. At great length,

petitioner sets forth his version of events, *see generally id*. at 4-28, pointing out, for example, that the superseding indictment allegedly was void, *see id*. at 13-14, and that prosecutors allegedly failed to disclose exculpatory evidence, *see, e.g., id*. at 5, 16; Pet. at 2. Claiming to be "held in violation of the Constitution and laws of the United States," *id*. at 2, petitioner demands his immediate release from custody, *see id*. at 1.

### A. This District is Not the Proper Forum for Petitioner's § 2241 Petition

"[A] petitioner claiming to be 'in custody in violation of the Constitution or laws or treaties of the United States' may seek a writ of habeas corpus in federal district court." *Day v. Trump*, 860 F.3d 686, 689 (D.C. Cir. 2017) (quoting 28 U.S.C. § 2241(c)(3)). "Writs of habeas corpus pursuant to § 2241 are typically used to challenge the manner in which one's sentence is executed." *Amin v. Barr*, No. 19-cv-3418 (RC), 2020 WL 4049903, at *1 (D.D.C. July 20, 2020); *cf. Jones v. Hendrix*, 599 U.S. 465, 475 (2023) (remarking that "the saving clause ensures that § 2255(e) does not displace § 2241 when a prisoner challenges 'the legality of his *detention*' without attacking the validity of his *sentence*") (emphasis in original). For example, a prisoner may challenge the calculation of his sentence by way of a habeas petition under § 2241. *See, e.g.*, *United States v. Queen*, No. 17-cr-0058 (EGS), 2020 WL 2748495, at *5 (D.D.C. May 27, 2020) (finding § 2241 "the proper vehicle for challenges to the execution of a defendant's sentence, the administration of his sentence, or the length of his confinement").

If petitioner were challenging the execution of his sentence under § 2241, the District of Columbia is not the proper forum for adjudication of the claim. The proper respondent in a habeas corpus action is petitioner's custodian, *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004), and this "district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction," *Stokes v. U.S. Parole Comm'n*, 374 F.3d

1235, 1239 (D.C. Cir. 2004). Petitioner and his custodian are in the Eastern District of Virginia, not the District of Columbia, and dismissal of the § 2241 petition is warranted.[1] *See, e.g.*, *Lopez-Pena v. Garland*, No. 20-cv-1889 (RDM), 2021 WL 2188127 (D.D.C. May 28, 2021).

### B. This Court Lacks Jurisdiction over Petitioner's § 2255 Motion

Where, as here, petitioner is challenging directly his conviction and sentence, he must proceed under 28 U.S.C. § 2255, which in relevant part provides:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence* to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (emphasis added). Accordingly, petitioner's challenge to his conviction and sentence must proceed in the sentencing court – the District of New Hampshire – by motion under § 2255. *See Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952); *Pradelski v. Hawk-Sawyer*, 36 F. Supp. 2d 1, 2 (D.D.C. 1999). This is not the sentencing court and, therefore, cannot entertain petitioner's § 2255 motion. *See Matthews v. Fed. Bureau of Investigation*, No. 15-cv-0569 (RDM), 2021 WL 2823124, at *3 (D.D.C. July 7, 2021) ("Because this Court is not Matthews's sentencing court, it is without jurisdiction to hear any § 2255 motion that Matthews may raise."); *Larsen v. Barr*, No. 20-cv-0840 (RDM), 2020 WL 8839630, at *1 (D.D.C. Apr. 2, 2020) (finding claim that petitioner's "detention is unlawful because of alleged flaws in the sentencing court's jurisdiction

---

[1] Petitioner filed a habeas petition under 28 U.S.C. § 2241 in the Eastern District of Virginia, the district of his current confinement. *See* Pet. ¶¶ 10-11, 13; *Silva v. Bienemy*, No. 2:25-cv-0688-JKW-RJK (E.D. Va. filed Oct. 28, 2025). As petitioner represents, *see* Pet. ¶ 11, the court issued an order to show cause why the § 2241 petition challenging his sentence imposed by the District of New Hampshire and the District of New Hampshire's handling of his § 2255 motion should not be dismissed, given that the same claims are pending in the District of New Hampshire. *See* Order, *Silva v. Bienemy*, No. 2:25-cv-0688-JKW-RJK (E.D. Va. filed Nov. 6, 2025) (ECF No. 16).

and the unconstitutionality of his prosecution" fall within the scope of § 2255); *Amin*, 2020 WL 4049903, at *2 (concluding petitioner's claims that "underlying conviction and sentence were unconstitutional and that the sentencing court lacked jurisdiction" properly are challenged by motion under § 2255, even though petitioner styled his habeas petition as one under § 2241).

Petitioner acknowledges that the District of New Hampshire is the proper forum for adjudication of his § 2255 motion. *See* Pet. ¶ 9. He claims that that district "is structurally unavailable," to him, *id.*, and invokes, *see id.* ¶¶ 8-9, the following provision:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added).

According to petitioner, all judges in the District of New Hampshire "are disqualified or recused," *id.* ¶ 9.a., such that "no judge is available to perform the basic function of adjudicating [p]etitioner's claims," *id.* ¶ 9.d. Further, petitioner contends that the general mishandling of habeas-related filings, *see, e.g., id.* ¶¶ 9.b., 9.c., 19, "have prevented adjudication," *id.* ¶ 9.c. Consequently, petitioner deems any "§ 2255 remedy . . . inadequate and ineffective" in the District of New Hampshire. *Id.* ¶ 9. Nevertheless, "[o]n May 2, 2025, Petitioner filed habeas-related proceedings in the District of New Hampshire," *id.* ¶ 17, and proceedings on petitioner's § 2255 motion are ongoing, *see Silva v. United States*, No. 1:25-cv-0169-JL (D.N.H. filed May 2, 2025).

Petitioner cannot argue plausibly that the § 2255 remedy is unavailable to him or is ineffective, no matter how dissatisfied he may be with those proceedings, and even if his efforts ultimately fail. *See Boyer v. Conaboy*, 983 F. Supp. 4, 8 (D.D.C. 1997) (noting that "federal courts have been virtually unanimous that when a prisoner claims his § 2255 proceeding is inefficacious,

4

'[l]ack of success in the sentencing court does not render his remedy inadequate or ineffective.'" (quoting *Boyden v. United States*, 463 F.2d 229, 230 (9th Cir.1972), *cert. denied*, 410 U.S. 912 (1973)). Even if petitioner were able to proceed under § 2255(e), the District of Columbia is not the proper venue. *See Gerrans v. U.S. Dep't of Justice*, No. 24-5206, 2025 WL 573456, at *1 (D.C. Cir. Feb. 21, 2025) (per curiam) ("Although a prisoner may seek relief under 28 U.S.C. § 2241 to collaterally attack the legality of his conviction if remedy by § 2255 motion is inadequate . . . , the appropriate forum for a § 2241 habeas petition is the district of residence of the prisoner's custodian," and "[b]ecause the District of Columbia is neither the district of residence of appellant's custodian nor the district of sentencing, the district court correctly dismissed appellant's case").

Petitioner cannot circumvent § 2255 by raising claims, *see* Pet. ¶¶ 2, 5, 40-43, under the Administrative Procedure Act ("APA"). *See United States v. Richardson*, No. 13-cv-0923, 2014 WL 1371546, at *4 (W.D. Pa. Apr. 8, 2014) (noting that petitioner "cannot mislabel his way around the gatekeeping requirements of § 2255 by calling his motion a civil complaint under the APA when the arguments he advances and the relief he seeks are precisely the type for which § 2255 was created to be the exclusive remedy"). Further, only "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review," 5 U.S.C. § 704, and petitioner has available to him a remedy under § 2255, *see Starks v. U.S. Sent'g Comm'n*, No. 21-cv-2422 (UNA), 2021 WL 4709720, at *2 (D.D.C. Sept. 27, 2021), *aff'd sub nom. Starks v. United States Sent'g Comm'n*, No. 21-5281, 2022 WL 2160910 (D.C. Cir. June 15, 2022) (per curiam); *Stone v. Dep't of Housing & Urban Devel.*, 859 F. Supp. 2d 59, 63 (D.D.C. 2012). And petitioner is no more successful if he were to proceed, *see* Pet. ¶ 3, under the All Writs Act, *see* 28 U.S.C. § 1651. *See Perales v. United States*, No. 00-5139, 2000 WL 1279288, at

\*1 (D.C. Cir. Aug. 11, 2000) (per curiam) ("Appellant may not circumvent the restrictions on the availability of habeas corpus relief [under § 2255] by relying on the All Writs Act").

An Order is issued separately.

DATE: February 1, 2026

/s/
RUDOLPH CONTRERAS
United States District Judge